IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MICHAEL RAWLINS, and CRYSTAL RAWLINS,<br><br>        Petitioners,<br><br>v.<br><br>TOLL SOUTHWEST, LLC,<br><br>        Respondent. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:25-cv-00483-RJS-DBP<br><br>District Judge Robert J. Shelby<br><br>Chief Magistrate Judge Dustin B. Pead |

Now before the court are two Motions: Petitioners Michael and Crystal Rawlins' Motion to Confirm an Arbitration Award (Motion to Confirm)[1] and Defendant Toll Southwest, LLC's Cross Motion to Vacate the Arbitration Award (Motion to Vacate).[2]  For the reasons explained below, the court GRANTS the Motion to Confirm and DENIES the Motion to Vacate.

## BACKGROUND

This case concerns an arbitration dispute.[3]  In 2021, the Rawlinses agreed to purchase a home from Toll Southwest (Agreement).[4]  The Agreement included an arbitration provision, which provided that "all claims . . . shall be resolved by binding arbitration."[5]  That provision required any arbitration to be governed by the Federal Arbitration Act (FAA) and conducted by the American Arbitration Association (AAA) "in accordance with its Expedited Procedures of

---

[1] Dkt. 1, *Motion to Confirm Arbitration Award and Enter Judgment* (*Motion to Confirm*).

[2] Dkt. 6, *Toll Southwest LLC's Opposition to Plaintiffs' Motion to Confirm Arbitration Award and Enter Judgment and Cross Motion to Vacate Arbitration Award* (*Motion to Vacate*).

[3] *See generally Motion to Confirm*; *Motion to Vacate*.

[4] Dkt. 1-2, *Agreement of Sale* (*Agreement*).

[5] *Id.* ¶ 13.

the Commercial Arbitration Rules."[6]  The Agreement further limited Toll Southwest's liability to "repair of the property" and stated "in no event shall seller be liable for rescission, specific performance, or any special, exemplary, indirect or consequential damages."[7]

At some point after closing, a dispute arose between the parties related to the sale.[8]  The parties submitted to arbitration before the AAA.[9]  On May 23, 2025, after holding an evidentiary hearing and receiving briefing,[10] the arbitrator issued a Final Award in which he found in favor of the Rawlinses on their claim of fraudulent concealment.[11]  The arbitrator rescinded the Agreement and ordered Toll Southwest to pay $2,122,173.12, inclusive of damages, attorneys' fees, and other costs.[12]  The arbitrator also required Toll Southwest, starting on May 8, 2025, to pay the Rawlinses an additional $280.65 for each day it fails to satisfy the Final Award.[13]  Toll Southwest has yet to comply with the Final Award.[14]

On June 17, 2025, the Rawlinses filed the Motion to Confirm in this court seeking a judgment in their favor consistent with the Final Award.[15]  Toll Southwest then filed its Motion

---

[6] *Id.* ¶ 13(b)–(c).

[7] *Id.* ¶ 12(a).

[8] *See Motion to Confirm* at 2–4; *Motion to Vacate* at 2–3.

[9] Dkt. 1-1, *Final Award* at 2.

[10] *Motion to Confirm* at 2.

[11] *Final Award* at 2.

[12] *See id.* at 2–4.  This sum includes: $1,817,168.00 for the home's purchase price, $52,493.20 for custom blinds, $23,576.62 for home theatre equipment, and $56,000.00 in interest (damages); and $139,560.30 in attorneys' fees, $4,060.50 in expert fees, and $29,314.50 in AAA administrative fees and arbitrator fees (fees and costs).  *Id.*

[13] *See id.* at 4.

[14] *Motion to Confirm* at 2.

[15] *Id.*

to Vacate.[16]  Both Motions are fully briefed and ripe for review.[17]  The court has diversity

jurisdiction to consider the dispute.[18]

## LEGAL STANDARD

The court's review of an arbitrator's award under the FAA "is extremely limited."[19]  As

is relevant here, the FAA authorizes vacatur of an award only where the arbitrator "exceeded

[his] powers."[20]  But a party seeking to establish an arbitrator did so "bears a heavy burden."[21]

The court "should exercise 'great caution'" before setting aside an award and can do so only in

"extraordinary circumstances."[22]  While an "arbitrator may not ignore the plain language of the

contract," the court may not vacate the award even where the court is convinced the arbitrator

"committed serious error."[23]  That is, even where an arbitrator gets the facts or the law wrong,

the only question "is whether the arbitrator (even arguably) interpreted the parties' contract."[24]

The court must give this deference to the arbitrator's decision to avoid improperly substituting its

judgment for the arbitrator's bargained-for resolution of the parties' dispute.[25]  At bottom, the

---

[16] *Motion to Vacate.*

[17] Dkt. 5, *Toll Southwest LLC's Opposition to Plaintiffs' Motion to Confirm Arbitration Award and Enter Judgment and Cross Motion to Vacate Arbitration Award*; Dkt. 16, *Reply Memorandum in Support of Motion to Confirm Arbitration Award and Enter Judgment*; Dkt. 17, *Memorandum in Opposition to Toll Southwest LLC's Motion to Vacate Arbitration Award* (*Motion to Vacate Opposition*); Dkt. 19, *Toll Southwest LLC's Reply in Support of Motion to Vacate Arbitration Award*.

[18] Dkt. 11, *Stipulated Response to Order to Show Cause.*

[19] *Dominion Video Satellite, Inc. v. Echostar Satellite L.L.C.*, 430 F.3d 1269, 1275 (10th Cir. 2005).

[20] 9 U.S.C. § 10(a)(4).

[21] *THI of N.M. at Vida Encantada, LLC v. Lovato*, 864 F.3d 1080, 1084 (10th Cir. 2017) (quoting *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 569 (2013)).

[22] *Id.* at 1083 (first quoting *Ormsbee Dev. Co. v. Grace*, 668 F.2d 1140, 1147 (10th Cir. 1982); and then quoting *San Juan Coal Co. v. Int'l Union of Operating Eng'x, Local 953*, 672 F.3d 1198, 1201 (10th Cir. 2012)).

[23] *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987).

[24] *Oxford Health Plans LLC*, 569 U.S. at 569; *see also CEEG (Shanghai) Solar Sci. & Tech. Co., Ltd v. LUMOS LLC*, 829 F.3d 1201, 1206 (10th Cir. 2016) ("An arbitrator's erroneous interpretations or applications of law are not reversible." (citation modified)).

[25] *THI of N.M.*, 864 F.3d at 1084.

court simply may not "reconsider the merits of an award."[26]  Where a party applies to the court for confirmation of an arbitration award, and the party bearing the burden of vacatur fails to meet that burden, "the court must confirm the arbitration award."[27]

## ANALYSIS

The court jointly takes up the Motion to Confirm and Motion to Vacate.  Given Toll Southwest's burden to establish vacatur, the court considers its arguments in turn.

### I.    The Arbitrator Did Not Exceed His Authority in Ordering the Agreement's Recission and Damages.

Toll Southwest first argues "the arbitrator exceeded the scope of his authority by awarding relief and damages prohibited by the Agreement."[28]  It cites *Pacific Development, L.C. v. Orton*[29] for the proposition that the scope of an arbitration agreement includes "the potential liabilities flowing therefrom"[30] and *Mistletoe Express Service v. Motor Expressmen's Union*[31] for the proposition that an "arbitration award must be vacated if it 'contravenes the express language' of the contract being interpreted or enforced."[32]  That is, by awarding rescission of the Agreement and consequential damages—which the Agreement explicitly prohibited as remedies—the arbitrator acted beyond the scope of his authority.[33]

---

[26] *Id.* at 1083–84 (quoting *CEEG*, 829 F.3d at 1206).

[27] *See Abbott v. Mulligan*, 647 F. Supp. 2d 1286, 1292 (D. Utah 2009) (citation modified), *aff'd sub nom. Abbott v. L. Off. of Patrick J. Mulligan*, 440 F. App'x 612 (10th Cir. 2011).

[28] *Motion to Vacate* at 4 (citation modified).

[29] 23 P.3d 1035, 1040 (Utah 2001).

[30] *Motion to Vacate* at 6 n.3.

[31] 566 F.2d 692, 695 (10th Cir. 1977).

[32] *Motion to Vacate* at 5 (citation modified) (quoting *Mistletoe*, 566 F.2d at 695).

[33] *Id.* at 4.  Toll Southwest also cites several cases where federal courts vacated awards after finding an arbitrator exceeded his authority.  *Id.* at 6–8.  The court agrees it may vacate the Final Award if it were to find the arbitrator did so.  *See* 9 U.S.C. § 10; Utah Code § 78B-11-124(1) ("[T]he court shall vacate an award made in [an] arbitration proceeding if . . . an arbitrator exceeded the arbitrator's authority[.]").

But *Pacific Development* and *Mistletoe* are inapplicable because neither case considers the effect of fraud on a contract. In *Pacific Development*, the Utah Supreme Court considered whether an arbitrator had the authority to issue relief related to specific plat of land not named in the parties' agreement,[34] and *Mistletoe* concerned an arbitrator's authority to "rewrite" the terms of a collective bargaining.[35] It is black-letter law that "a contract clause limiting liability will not be applied in a fraud action. . . . A contract limitation on damages or remedies is valid only in the absence of allegations or proof of fraud."[36] And after a contract is rescinded in a fraud action, an aggrieved party may receive consequential and punitive damages under Utah law.[37]

Here, the arbitrator found in favor of the Rawlinses on their fraudulent concealment claim.[38] The arbitrator then rescinded the Agreement and awarded monetary damages to the Rawlinses.[39] To find the arbitrator exceeded his authority in so doing would violate the well-settled principle under Utah law that a clause limiting liability is not valid in the presence of fraud. The court therefore finds the arbitrator did not exceed his authority in ordering the Agreement's rescission.[40]

---

[34] *Pac. Dev., L.C.*, 23 P.3d at 1040.

[35] *Mistletoe*, 566 F.2d at 695.

[36] *Lamb v. Bangart*, 525 P.2d 602, 608 (Utah 1974) (citations omitted); *see also Ong Int'l (U.S.A.) Inc. v. 11th Ave. Corp.*, 850 P.2d 447, 452–53 (Utah 1993) (affirming *Lamb*'s holding).

[37] *See Ong Int'l*, 850 P.2d at 457 (citations omitted).

[38] *Final Award* at 1.

[39] *Id.* at 1–4.

[40] Toll Southwest additionally argues that, even if the arbitrator had authority to order rescission, rescission is inappropriate under the circumstances. *Motion to Vacate* at 9–13. But to reach this argument would be to "reconsider the merits" of the Final Award, which this court may not do. *THI of N.M.*, 864 F.3d at 1083–84; *see also CEEG*, 829 F.3d at 1206 ("An arbitrator's erroneous interpretations or applications of law are not reversible." (citation modified)).

## II.    The Arbitrator Did Not Exceed His Authority in Awarding Attorneys' Fees and Costs.

Toll Southwest next argues the Final Award improperly awarded attorneys' fees and costs to the Rawlinses.[41]  This is incorrect.  As a part of the Agreement's arbitration provision, the parties agreed for all claims to be resolved "in accordance with" the AAA's Commercial Arbitration Rules (Rules).[42]  Under Utah law, "specifically naming" the Rules is sufficient to adopt them as a part of the Agreement.[43]  Rule R-49 provides that an arbitrator may apportion administrative fees, witness expenses, and the arbitrator's compensation "among the parties in such amounts as the arbitrator determines is appropriate" and may award attorneys' fees "if all parties have requested such an award or it is authorized by law or the parties' arbitration agreement."[44]  In the Final Award, the arbitrator found both parties "requested an award of attorney fees" and then awarded fees to the Rawlinses and ordered Toll Southwest to pay the AAA's administrative fees and the arbitrator's fee.[45]

Toll Southwest argues the Agreement does not provide for award of attorneys' fees, and the Rules cannot be used to fill in that gap.[46]  As an initial matter, the court cannot vacate the Final Award based on the "arbitrator's erroneous interpretations or applications of law."[47]  But were the court to reach the merits of Toll Southwest's argument, it would find no error in the arbitrator's decision to award fees and costs to the Rawlinses.  Here, the parties incorporated the

---

[41] *Motion to Vacate* at 13–16.

[42] *Agreement* ¶ 13(b).

[43] *Peterson & Simpson v. IHC Health Servs., Inc.*, 217 P.3d 716, 721 (Utah 2009).

[44] AAA, Commercial Arbitration Rules and Mediation Procedures ¶ R-49(c)–(d) (2025).

[45] *Final Award* at 3.

[46] *Motion to Vacate* at 13–14.

[47] *See CEEG*, 829 F.3d at 1206 (citation omitted).

Rules into the Agreement by reference.[48]  By its own admission, Toll Southwest included a

"boilerplate prayer for relief that included an award of attorney fees" in some of its arbitration

motions.[49]  It is not disputed that the Rawlinses also requested attorneys' fees.[50]  The arbitrator

was thus empowered to award those fees under the Rules.  In light of the arbitrator's fraud

finding, the court also finds no error in his decision to shift fees and costs to Toll Southwest.

Toll Southwest had a heavy burden in requesting the court vacate the Final Award.  The

court finds it has failed to meet that burden and will therefore deny the Motion to Vacate.

Accordingly, the court must grant the Motion to Confirm.[51]

## CONCLUSION

For the reasons explained above, the court GRANTS the Motion to Confirm[52] and

DENIES the Motion to Vacate.[53]  The Clerk of Court is directed to close the case.

SO ORDERED this 1st day of October 2025.

BY THE COURT:

ROBERT J. SHELBY
United States District Judge

---

[48] *See Agreement* ¶ 13(b).

[49] *Motion to Vacate* at 15.  Toll Southwest argues it "did not request attorney fees," so the arbitrator's finding was erroneous.  *Id.*  The court cannot discern how Toll Southwest simultaneously maintains it did not do the thing it also admits to doing.  *Id.*  The court accordingly rejects this argument.

[50] *See generally Motion to Vacate*; *Motion to Vacate Opposition*.

[51] *See Abbott*, 647 F. Supp. 2d at 1292.  In their Opposition to Toll Southwest's Motion to Vacate, the Rawlinses request the court award them their attorneys' fees incurred in having to defend against the Motion to Vacate.  *Motion to Vacate Opposition* at 14–15.  Because this request fails to comply with DUCivR 7-1, the court declines to award those fees to the Rawlinses.  DUCivR 7-1(a)(3) ("A party may not make a motion . . . in a response or reply.").

[52] Dkt. 1.

[53] Dkt. 6.